AMMEND  HARSHMAN  V WALGREENS

FCHR NO 201920691     EEOC 15D201901003

5:21-CV-246-RBD-PRL

WALGREENS REFUSES TO HIRE ME IN VIOLATION OF   USCA  29-621  AGE DISCRIMINATION   USCA 12112 DISABILITY DISCRIMINATION  AND RETALIATION OF FILLING FORMER COMPLAINTS AGAINST

SEVEN RIVERS HOSPITAL 2005 APPEAL  AGE DISCRIMINATION ADVERTISING 40 HOURS OFFER 20  AND

UNEMPLOYMENT COMPENSATION DAVID SAEF DM  ECKERD DRUGS AND DEBRA KING SUN N LAKE

PHARMACY.SEBRING.   MR HARSHMAN RPH LIKE MANY FLORIDIANS IS SICK IN TIRED OF FILLING OUT ONE APPLICATION AFTER ANOTHER FOR EMPLOYMENT  AND GETTING NO RESPONSE TELEPHONE OR EMAIL FROM EMPLOYERS.  NO INTERVIEW.  TIME UNCOMPENSATED OFF THE CLOCK. I HAVE FORWARDED NUMEROUS EMPLOYMENT ADS TO YOUR OFFICE FOR A VERY GOOD REASON;  YOUR CODE EEOC GAVE ME A BROCHERE THAT ADVERTISING  WITHOUT EMPLOYMENT IS SUBJECT TO FEDERAL EEOC INVESTIGATION  WHY DOEN T THE STATE OF FLORIDA HAVE THE SAVE EEOC CODE BROCHERES INFLUDING A STICK AND CARROT APPROACH BY EMPLOYERS TO FALSE ADVERTISE TO VULERABLE CITIZENS IN THIS STATE.  WORKERS YOUNG AND OLD.  AS LONG AS THE REPUBLICANS ARE NEGLIGENT IN HELPING SENIORS WITH EMPLOYMENT THROUGH NEEDED CHANGES IN SOCIAL SECURITY LAW IE GAINFUL ACTIVITY  WHICH NEEDS TO BE UNLIMITED WORK HOURS PLUS SOCIAL SECURITY DISABILITY OR RETIREMENT SOCIAL SECURITY  BENEFIT  IN ORDER TO HELP ALL WORKERS IN THIS STATE OF FLORIDA  I WILL DILIGENTLY FORWARD FALSE ADVERTISEMENT DOCUMENTS TO YOUR OFFICE UNTIL

I GET EMPLOYED FULL TIME.  I NEED EMPLOYMENT LIKE ALL THE OTHER SENIORS IN FLORIDA ON SOCIAL SECURITY  WHICH IS INADEQUATE PARTICULARLY IN HEALTHCARE. I HAVE ALSO FILLED

OVER 200 PRESCRIPTIONS WITH MANY LEADING COMPANIES WITH A MYRIAD OF PROBLEMS WITH

EMPLOYERS ON PHARMACY OPERATIONS  LIKE NO AVAILABILITY OF ORDER MACHINE NO COMPUTER

TRAINING INADEQUATE TRAINING NO STOOL TO SIT ON LIKE A DOCTOR COMPUTERS THAT WON T WORK ONCE TRAINED IE TARGET AND RITE AID. WINN DIXIE. NO ADEQUATE SICK LEAVE POLICY.

WHEN THESE EMPLOYERS POST FEDERAL EMPLOYMENT LAW THEY NEED TO ADHERE TO IT.

CVS  POLICY OF COMPETENCY TEST SHOULD BE SUBJECT TO A VIOLATION WHEN WE HAVE HURRICAINES AND TORNADOES IN THIS STATE AND THEY KEEP ADVERTISING TO THE PUBLIC WITHOUT EMPLOYMENT PERFORMANCE BY EMPLOYERS OR INADEQUATE STAFF.  I WILL CONTINUE TO AMMEND APPEAL OR WHATEVER IT TAKES TO GET AND RECOVER LOST WAGES WHEN ECKERDS HARRASSED AND

AND LAYED OFF KNOWLEDGEABLE WORKERS WITH NO REASON OR COMPETENT EXPLANATION. I NEVER HAD TO TAKE A COMPETENCY TEST TO MANAGE PHARMACIES IN GEORGIA OR FLORIDA BEFORE.

I HAVE TAKEN ALL THE CVS COMPETENCY TEST I NEED TO TAKE.  I WANT A PAYCHECK LIKE ANY OR ALL SENIORS. ASAP AND INVESTIGATION OF THIS MATTER.  THANK YOU

SINCERELY

FILED
Date: 5/3/2021
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT of FLORIDA
OCALA, FLORIDA

*Dana A. Harshman* 4-28-2021

DANA HARSHMAN RPH

216 S.E. 16 TH AVE.

OCALA, FL. 34471

352  299  3134


THANK YOU FCHR

DANA HARSHMAN RPH RESPONSE TO POSITION STATEMENT WALGREENS  10 23 2019

FCHR NO 201920691    EEOC  NO 15D201901003

DEAR SIR,

DANA HARSHMAN RPH DID IN FACT WORK FOR WALGREENS FROM 1979 TO 1983.  1979 TO 1980 ORLANDO AND WINTER PARK FL  1980 TO 1983  TAMPA MEMORIAL HWY AND DUNEDIN.  THIS IS IN DIRECT CONFLICT TO WALGREEN STATEMENT  THEY NEVER EMPLOYED ME IN POSITION STATEMENT.

LABOR RECORDS AND IRS TAX RETURNS OF DANA HARSHMAN RPH PROVES PRIOR EMPLOYMENT.

DANA COMPLAINED TO MR LEGGIT WINTER PARK AND DONNA MEMORIAL HWY MANAGER WALGREENS THAT HE NEEDED MORE TECHNICIAN HOURS. TECHNICIAN MARGE WAS ALWAYS TALKING INSTEAD OF WORKING TO SOMEONE HER FRIEND SEVERAL MINUTES  SEVERAL DAYS A WEEK. THEY DID NOT HELP. AND THEY ASK ME TO DOUBLE COUNT PRESCRIPTIONS WITHOUT SHAKE N ROLL TRAYS FOR ACCURATE  SPEEDY COUNT.

THIS IS IN DIRECT CONFLICT TO STATEMENT "UNAWARE OF PRIOR COMPLAINTS"

WALGREENS ALSO HAS MY RESUME EXHIBIT B SHOWING MY WORK HISTORY.  ANY ONE OF THESE EMPLOYERS COULD HAVE BEEN CONTACTED BY WALGREENS TO CHECK OUT QUALIFICATIONS FOR THE JOB AND THEY MAY HAVE DISCUSSED PREVIOUS FILING OF AGE DISCRIMINATION COMPLAINT SEVEN RIVERS HOSPITAL CRYSTAL RIVER AND UNEMPLOYMENT COMPENSATION CLAIMS  ECKERDS DAVID SAEF DM AND DEBRA KING SUN N LAKE PHARMACY. THIS IS ANOTHER BASIS FOR THE ILLEGAL RETALIATION.

I REALLY DO NOT UNDERSTAND THEIR STATEMENT OF INDIVIDUALIZED JOB APPLICATION. I CARRY BOTH LICENSURE FL PHARMACIST PREVIOUS LICENSURE GA PHARMACIST PASSING A NABLEX AND FL CONSULTANT LICENSE MANY YEARS.  MANAGED DUNEDIN WALGREENS FLORIDA AMERICAN PHARMACEUTICAL AUGUSTA GEORGIA SUN N LAKE PHAMACY SEBRING OPTIMA RX TAMPA. NEVER HAD TO IMMUNIZE PATIENTS IN THOSE JOBS AND WAS QUALIFIED TO WORK.  I MAY IN FUTURE GET CERTIFIED TO IMMUNIZE.   I HAVE WORKED IN HOSPITALS AND AM FAMILIAR WITH MANY IMMUNIZATION MEDICATIONS. I AM NOT CURRENTLY CERTIFIED IN IMUNIZATION.  THIS CERTIFICATION WAS NOT REQUIRED WHEN I PREVIOUSLY WORKED BOTH HOSPITAL AND RETAIL AND NURSING HOMES.

I FEEL WALGREENS STATEMENT ABOUT UNFOCUSED, UNCOMMITTED OR A PROBLEM EMPLOYEE OF SOME SORT  IS SLANDEROUS.  STATEMENTS LIKE THAT ARE CERTAINLY DISCRIMINATORY  NOT HELPFUL IN THE HIRING PROCESS IF THAT'S WHAT WALGREENS OBJECTIVE IS TO HIRE SOMEONE LIKE MYSELF WITH MANAGEMENT EXPERIENCE.

PROTECTED STATUS WAS ESTABLISHED WHEN I FILED AGAINST SEVEN RIVER HOSPITAL IN 2005 FOR AGE

DISCRIMINATION.  RETALIATION IN NO HIRE STATUS FROM WALGREENS OCCURES BECAUSE OF THAT PROTECTED STATUS AND THIS AND FORMER UNEMPLOYMENT CLAIMS. ECKERD DRUGS  AND SUN N LAKE PHARMACY.

WALGREENS DISINTEREST IN NO HIRE IS EXPRESSED IN THEIR STATEMENT OF LARGE GAPS IN EMPLOYMENT. THAT WAS CAUSED BY SUNTRUST NOT FORWARDING A BUSINESS LOAN YEARS AGO

FOR MY OWN PHARMACY. I V ALSO WORKED A FEW PART TIME JOBS FOR WALMART AND VARIOUS INDEPENDENT PHARMACIES. AND A PLANT NURSERY BUSINESS HARSHMAN RETAIL PHARMACY.

I AM A STRONG BELIEVER IN A PROHIBITION AGAINST AGE DISCRIMINATION AND RETALIATION AND DISABILITY DISCRIMINATION PER FEDERAL LAW. WALGREENS SAYS THEY ARE FOR EQUAL OPORTUNITY

SO WHY ARE THEY REFUSING TO HIRE ME AND DELIBERATELY DISCRIMINATING RETALIATING IN VIOLATION OF USCA 29 621 USCA 12112 AND 704 A ANTIRETALIATION STATUTES CITED IN SUPREME COURT CASE ROBINSON V SHELL OIL. FORMER EMPLOYEES INCLUDED IN 704 A ANTI RETALIATION STATUTES.

I HAVE ALWAYS STAYED FOCUSED ON THE DRUG LAWS.

THANK YOU    FLORIDA COMMISSOIN ON HUMAN RELATION    STATE OF FLORIDA

DANA HARSHMAN RPH

216 S.E. 16TH AVE.

OCALA, FL. 34471

352 299 3134

## SUBPOENA DUCES TECUM

STATE OF FLORIDA   5TH JUDICIAL CIRCUIT   MARION COUNTY   5TH JUDICIAL CIRCUIT   4/26/2020

FCHR NO   201920691

EEOC NO 15D201901003

DEAR SIR,

HARSHMAN V WALGREENS

WALGREENS IS COMPELLED TO PRODUCE THE FOLLOWING TO MR   MASSEY PA GAINESVILLE, FL.

AND MR HARSHMAN RPH  THE FOLLOWING  WITHING 2 WEEKS  FROM TODAY. WHICH IS 4/26/2020 DUE ON  5/16/2020.

 SUBPOENAS   HARSHMAN  V WALGREENS

1.0 TIME CARDS    1979-1981       WINTER  PARK  WALGREENS  1981 -1983  TAMPA  MEMORIAL HWY  DUNEDIN  WALGREENS

2.0  HR  PHONE RECORDS  1979 TO   1983         RECENT PHONE  RECORDS  2018  TO  2020  TODAYS  DATE

3.0   ALL  HR   WRITTEN  AND  RECORDED  RECORDS   VIA COMPUTER OR DICTATION EQUIPMENT 1979-1983  WINTER PARK  FL     TAMPA  MEMORIAL HWY  DUNEDIN       RECENT  2018-2020  TODAYS DATE

SINCERELY

DANA HARSHMAN RPH

216 S.E. 16TH AVE.

OCALA, FL. 34471

1-352-299-3134

ESSENTIAL ELEMENTS OF THE CLAIM

I WORKED FOR CVS WALGREENS 3 YEARS. I FILLED ALL PRESCRIPTIONS I WAS PRESENTED. WALGREENS REFUSED TO REHIRE ME IN 2005 AT THE SAME TIME I FILLED APPEAL SEVEN RIVERS HOSPITAL FOR ADVERTISING 40 HOURS OFFER 20 IN 11TH CIRCUIT. THAT WAS RETALIATION IN 2005. RETALIATION NOW AFTER APPLYING IN FEBUARY AND MAY THIS YEAR 2019. ALSO DISABILITY DISCRIMINATION USCA 12112. AND VIOLOATION USCA 29 621. AGE DISCRIMINATION .

DANA HARSHMAN RPH. Interpretation of Substantive Claims Under ADEA
• *Disparate Impact Claims* — Under the disparate treatment theory of discrimination, "an employer simply treats some people less favorably than others" because of some protected characteristic.[11] In *Hazen Paper Co. v. Biggins,* 507 U.S. 604 (1993), the court stated that "[p]roof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment."[12] There is no question that the disparate treatment theory of discrimination is available under the ADEA.[13] The ADEA clearly states that it is illegal for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[14] Liability under the ADEA requires that age actually motivate the employer's decision, whether formally or informally.[15]

# United States Supreme Court

### GENERAL DYNAMICS LAND SYSTEMS, INC. v. CLINE et al.(2004)

No. 02-1080

Argued: November 12, 2003 Decided: February 24, 2004

The Age Discrimination in Employment Act of 1967 (ADEA or Act), 81 Stat. 602, 29 U. S. C. §621 *et seq.,* forbids discriminatory preference for the young over the old. The question in this case is whether it also prohibits favoring the old over the young. We hold it does not.

# United States Supreme Court

### GOMEZ-PEREZ v. POTTER, POSTMASTER GENERAL(2008)

No. 06-1321

Argued: February 19, 2008 Decided: May 27, 2008

*Held:* Section 633a(a) prohibits retaliation against a federal employee who complains of age discrimination. Pp. 3-16.

(a) In so concluding, the Court follows the reasoning of two prior decisions ruling that retaliation is covered by similar language in other antidiscrimination statutes. First, in *Sullivan* v. *Little Hunting Park, Inc.*, 396 U. S. 229, 237, the Court held that a retaliation claim could be brought under 42 U. S. C. §1982, which provides that "[a]ll citizens ... shall have the same right ... as is enjoyed by white citizens ... to inherit, purchase, lease, sell, hold, and convey real and personal property." While §1982 does not use the phrase "discrimination based on race," that is its plain meaning. See, *e.g.*, *Jackson* v. *Birmingham Bd. of Ed.*, 544 U. S. 167, 177. Second, the *Jackson* Court, *id.*, at 173-174, relied on *Sullivan* in holding that Title IX of the Education Amendments of 1972, 20 U. S. C. §1681(a), which prohibits "discrimination" "on the basis of sex" in educational programs receiving federal aid, reached retaliation against a public school teacher for complaining about

The federal-sector provision of the ADEA provides that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." §633a(a) (2000 ed., Supp. V). The key question in this case is whether the statutory phrase "discrimination based on age" includes retaliation based on the filing of an age discrimination complaint. We hold that it does.

# United States Supreme Court

EEOC v. WYOMING(1983)

No. 81-554

Argued: October 5, 1982    Decided: March 2, 1983

The report of the Secretary of Labor, whose findings were confirmed throughout the extensive factfinding undertaken [460 U.S. 226, 231]   by the Executive Branch and Congress, came to the following basic conclusions: (1) Many employers adopted specific age limitations in those States that had not prohibited them by their own antidiscrimination laws, although many other employers were able to operate successfully without them. (2) In the aggregate, these age limitations had a marked effect upon the employment of older workers. (3) Although age discrimination rarely was based on the sort of animus motivating some other forms of discrimination, it was based in large part on stereotypes unsupported by objective fact, and was often defended on grounds different from its actual causes. (4) Moreover, the available empirical evidence demonstrated that arbitrary age lines were in fact generally unfounded and that, as an overall matter, the performance of older workers was at least as good as that of younger workers. (5) Finally, arbitrary age discrimination was profoundly harmful in at least two ways. First, it deprived the national economy of the productive labor of millions of

individuals and imposed on the governmental treasury substantially increased costs in unemployment insurance and federal Social Security benefits. Second, it inflicted on individual workers the economic and psychological injury accompanying the loss of the opportunity to engage in productive and satisfying occupations.

## United States Supreme Court

### STEELWORKERS v. UNITED STATES(1959)

No. 504

Argued: November 3, 1959Decided: November 7, 1959

Congress was not concerned with the merits of the parties' positions or the conduct of their negotiations.

## United States Supreme Court

### STEELWORKERS v. WEBER(1979)

No. 78-432

Argued: March 28, 1979Decided: June 27, 1979

Those legislators demanded as a price for their support that "management prerogatives, and union freedoms . . . be left undisturbed to the greatest extent possible." H. R. Rep. No. 914, 88th Cong., 1st Sess., pt. 2, p. 29 (1963). Section 703 (j) was proposed by Senator Dirksen to allay any fears that the Act might be interpreted in such a way as to upset this compromise.

## United States Court of Appeals,First Circuit.

### EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, Appellant, v. KOHL'S DEPARTMENT STORES, INC., Defendant, Appellee.

No. 14–1268.

Decided: December 19, 2014

Because a reasonable jury could find that Manning reasonably believed that no accommodation was forthcoming or possible, and that further work without an accommodation posed a serious health risk, a jury that found Kohl's could have

reasonably accommodated Manning's needs could also conclude that Kohl's constructively discharged Manning by not doing so.

As best as I can tell, this is the first time that any circuit court has held that an employer can reject an accommodation request backed up by a doctor's note, refuse to offer an accommodation that it has determined it can make, falsely claim that any accommodation must be offered to all workers whether disabled or not, and then declare the employee's ADA rights forfeited when she gives up. Such a holding demands too much resilience and persistence on the part of a disabled and stressed-out employee, and takes away from jurors a task they are well-suited to perform. I respectfully dissent.

## United States Supreme Court

### AMERICAN TEXTILE MFRS. INST. v. DONOVAN(1981)

No. 79-1429

Argued: January 21, 1981 Decided: June 17, 1981

> Whether or not OSHA has the underlying authority to promulgate a wage guarantee requirement with respect to employees who are transferred to another position when they are unable to wear a respirator, OSHA failed to make the necessary determination or statement of reasons that this requirement was related to achievement of health and safety goals. Pp. 536-540.

## United States Supreme Court

### UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER v. NASSAR(2013)

No. 12-484

Argued: April 24, 2013 Decided: June 24, 2013

> Further confirmation of the inapplicability of §2000e-2(m) to retaliation claims may be found in Congress' approach to the Americans with Disabilities Act of 1990 (ADA), 104 Stat. 327. In the ADA Congress provided not just a general prohibition on discrimination "because of [an individual's] disability," but also seven paragraphs of detailed description of the practices that would constitute the prohibited discrimination, see §§102(a), (b)(1)-(7), *id.*, at 331-332 (codified at 42 U. S. C. §12112). And, most pertinent for present purposes, it included an express antiretaliation provision, see §503(a), 104 Stat. 370 (codified at 42 U. S. C. §12203).

Robinson v. Shell Oil Co., 519 U.S. 337 (1997)

(b) A holding that former employees are included within §704(a)'s coverage is more consistent with the broader context provided by other Title VII sections and with §704(a)'s primary purpose of maintaining unfettered access to Title VII's remedial mechanisms. As noted, several sections of the statute plainly contemplate that former employees will make use of Title VII's remedial mechanisms. These include §703(a), which prohibits discriminatory "discharge." Insofar as §704(a) expressly protects employees from retaliation for filing a "charge," and a charge under §703(a) alleging unlawful discharge would necessarily be brought by a former employee, it is far more consistent to include former employees within the scope of "employees" protected by §704(a). This interpretation is supported by the arguments of petitioner and EEOC that exclusion of former employees from §704(a) would undermine Title VII's effectiveness by allowing the threat of postemployment retaliation to deter victims of discrimination from complaining to EEOC, and would provide a perverse incentive for employers to fire employees who might bring Title VII claims. Pp. 8-9.

70 F. 3d 325, reversed.

Thomas, J., delivered the opinion for a unanimous Court.

Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)

Held:

1. Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. The structure of Title VII, the congressional policy underlying it, and the reasoning of this Court's prior cases all lead to this conclusion. Pp. <u>455 U. S. 392-398</u>.

2. United States Supreme Court
3. FORD MOTOR CO. v. EEOC(1982)
4. No. 81-300
5. Argued: April 20, 1982   Decided: June 28, 1982
6. Section 706(g) of the Civil Rights Act of 1964, 78 Stat. 261, as amended, 42 U.S.C. 2000e-5(g), governs the award of backpay in Title VII cases. In pertinent part, 706(g) provides:
7. "If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the [458 U.S. 219, 226]   court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, . . . hiring of employees, with or without back pay, . . . or any other equitable relief as the court deems appropriate. . . . Interim earnings or amounts earnable with reasonable

diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable" (emphasis added). 8

## Hinton v. Supervision Int'l, Inc., 5D05-2522

In a suit brought by plaintiff for retaliation in violation of the Florida Civil Rights Act, grant of a judgment notwithstanding the verdict (JNOV) for defendant-employer is reversed where: 1) the trial court improperly added an additional requirement to plaintiff's burden of proving a prima facie case of retaliation; and 2) assuming, but not deciding, that the trial court was correct that a showing of good faith was an element of plaintiff's burden of proof, the jury's verdict in the instant case nevertheless was supported by evidence or inferences that she filed her claim of retaliation in good faith.

### Appellate Information

- Decided 12/01/2006
- Published 12/01/2006

### Judges

- PALMER, J.

### Court

- District Court of Appeal of Florida

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. WAFFLE HOUSE, INC.(2002)

No. 99-1823

Argued: October 10, 2001 Decided: January 15, 2002

Held: An agreement between an employer and an employee to arbitrate employment-related disputes does not bar the EEOC from pursuing victim-specific judicial relief, such as backpay, reinstatement, and damages, in an ADA enforcement action. Pp. 5-18.

# United States Supreme Court

NLRB v. ROBBINS TIRE & RUBBER CO.(1978)

No. 77-911

Argued: April 26, 1978 Decided: June 15, 1978

that Exemption 7 (A) was designed to avoid, the most obvious risk of such "interference" being that employers or, in some cases, unions will coerce or intimidate employees and others who have given statements, in an effort to make them change their testimony or not testify at all. Pp. 236-242.

Counsel

- For Appellees:
- N. James Turner, of N. James Turner, Esq., P.A., Orlando, for Appellant/Cross-Appellee., Marc P. Ossinsky of Ossinsky & Cathcart, P.A., Winter Park, for Appellee/Cross-Appellant.

*[signature]* 4-28-2021

**DANA HARSHMAN RPH**

**216 S.E. 16TH AVE.**

**OCALA, FL., 34471**

**1-352-299-3134**

# Walgreens

**Generics + Customer Service + Detailing + Personal Hustling + Mail Out Rx's + More =**

**+ 25 Rx's A DAY!!**

*Jim + Dana, Great Job Thanks*



## RX SUMMARY - APRIL, 1980

| | STORE | NO. RX'S 1979 | 1980 | % | RX VOLUME 1979 | 1980 | AVERAGE PER DAY 1979 | AVERAGE PER DAY 1980 | AVERAGE RX PRICE 1979 |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 800 DOTHAN | 2775 | 3201 | +15.4 | 15006 | 18828 | 92 | 107 | 5.41 |
| 2 | 626 WINTER PARK | 2451 | 2634 | + 7.5 | 16360 | 19607 | 82 | 88 | 6.67 |
| 3 | 4600 ORLANDO | 3890 | 4149 | + 6.7 | 24793 | 29765 | 130 | 138 | 6.37 |
| 4 | 1917 OCALA | 2648 | 2794 | + 5.5 | 18147 | 21010 | 88 | 93 | 6.85 |
| 5 | 608 OCALA | 3784 | 3976 | + 5.1 | 23896 | 27749 | 126 | 132 | 6.32 |
| 6 | 5319 ORLANDO | 5271 | 5410 | + 2.6 | 32893 | 36866 | 176 | 180 | 6.24 |
| 7 | 2415 TALLAHASSEE | 2996 | 3070 | + 2.5 | 18772 | 20206 | 100 | 102 | 6.27 |
| 8 | 1112 COLUMBUS | 1133 | 1158 | + 2.2 | 7089 | 7408 | 38 | 39 | 6.26 |
| 9 | 5282 JACKSONV. | 5142 | 5117 | - .5 | 35523 | 37069 | 171 | 170 | 6.91 |
| 10 | 1448 CASSELBERRY | 2583 | 2557 | - 1.0 | 17520 | 17467 | 86 | 85 | 6.78 |
| 11 | 2942 SANFORD | 2421 | 2378 | - 1.8 | 15506 | 15850 | 81 | 79 | 6.40 |
| 12 | 5340 ORLANDO | 2627 | 2565 | - 2.4 | 17552 | 18265 | 87 | 85 | 6.68 |
| 13 | 2410 ORLANDO | 4643 | 4422 | - 4.8 | 30712 | 31926 | 155 | 147 | 6.61 |
| 14 | 9501 JACKSONV. | 2020 | 1874 | - 7.2 | 13375 | 13662 | 67 | 62 | 6.62 |
| 15 | 3050 COLUMBUS | 3364 | 3025 | -10.1 | 21332 | 19958 | 112 | 101 | 6.34 |
| | COMPARABLE: | 47748 | 48330 | + 1.2 | 308476 | 335636 | 1591 | 1611 | 6.46 |
| 16 | ST. AUGUSTINE | ---- | 356 | ---- | ---- | 2124 | --- | 12 | ---- |
| 17 | 1147 TALLAHASSEE | 3558 | 3542 | - .4 | 21947 | 22873 | 119 | 118 | 6.17 |

216 SE 16th AVE
OCALA, FL 34471

Dana Harshman
216 SE 16th Ave
Ocala, FL 34471

US Dist Court
Middle Dist of Florida
Golden Collum Fed Bldg
207 Northwest 2nd Street
OCALA, FL 34475

SCREENED BY USMS