# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**DANA HARSHMAN,**

    **Plaintiff,**

**v.**                                                    **Case No: 5:21-cv-246-RBD-PRL**

**WALGREENS,**

    **Defendant.**

## ORDER

Plaintiff, Dana Harshman, who is proceeding *pro se*, filed a cursory complaint against Defendant, Walgreens, purportedly asserting claims for age discrimination, disability discrimination, and retaliation related to his efforts to obtain employment. (Doc. 1). Plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. 2). For the following reasons, the motion is taken under advisement and Plaintiff will be allowed to file an amended complaint.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

Here, Plaintiff's complaint fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim, as required by Rule 8, nor does it delineate the alleged causes of action

into counts or another organized manner as required by Rule 9. Most importantly, Plaintiff has failed to allege facts to support his contention that Walgreens acted in violation of law. At the most basic level, while Plaintiff alleges Walgreens discriminated against him based on age and disability, he fails to allege either his age or the nature of his disability. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Although doubtful Plaintiff will be able to allege viable claims, out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for his claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain how Walgreens is responsible. In addition, Plaintiff should clearly state what relief he seeks.

In his separate motions to compel (Docs. 3, 4, 5, 6) and motion to strike (Doc. 12), Plaintiff asks the Court to compel "SunTrust of Ocala Florida and Chase Manhattan to forward loan for Harshman retail pharmacy" (Doc. 3), "to get all US bank loans approved in state of Florida Georgia for all start up businesses" (Doc. 4), "Tri Care for reimbursement rates" (Doc. 5), and "MLS Ocala Florida to tell us number of deals approved number disapproved" (Doc. 6). Plaintiff also asks the Court to strike "ERISA for start ups and new start ups off the clock." (Doc. 12). These requests are unrelated to Plaintiff's complaint. To the extent Plaintiff is seeking relief related to the claims in his complaint, it should be clearly plead in his amended complaint, and not in separate motions to compel and strike. Plaintiff

should carefully consider whether he can allege claims in good faith because continuing to pursue frivolous claims could lead to the imposition of sanctions.

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **May 28, 2021** to file an amended complaint. The amended complaint must comply with all of the pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in Local Rules 1.08 and 1.09, United States District Court, Middle District of Florida. Plaintiff's motions to compel and motion to strike (Docs. 3, 4, 5, 6, 12) are **DENIED**. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on May 13, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties